By the Court,

Co wen, J.
We think the learned judge was right in his construction of the excepting clause. It left the defendant at liberty to dispose of castings in any way, provided the gross avails did not exceed, his ordinary household expenses during the time in question; no matter Whether by ordinary sale, exchange, or in payment for labor, *647 Under proper issues, therefore, we think the judge would have been right in nonsuiting the plaintiff. Upon the state of the pleadings, however, we are of opinion that the cause should at least have gone to the jury on the question, whether the defendant had made out the case which he proposed to make out by his notice, viz. that he had not exceeded his ordinary household expenses in the sale or other disposition of stoves.
The plea was non est factum, and admitted an excess. It certainly cannot be claimed that any definite amount of excess was admitted. The great number of breaches which the pleader has surmised in his various counts, is but matter of form. He might insert what number he chose. But the averment of breaches is substantial, and the general fact that the covenant was broken, is admitted. That fact is, that the defendant had made a sale or sales at least to a nominal amount beyond what would defray his ordinary household expenses.
By stopping with his plea of non est factum and notice, he assumed the very difficult burthen of establishing a negative to the proposition which his plea admitted. This was not impossible. It is not impossible that he may so exactly measure by his proof the number of stoves brought to or remaining at Potsdam within the short time to which the question relates, and the relative number of them disposed of at Nicholville or the Forks, or elsewhere without the prescribed limits, as to obviate the admission implied by the form of pleading. It is enough for' the present to say, we think he did not do this so clearly that, had the jury found against him on the evidence, we could have granted a new trial. This is saying in other words that the judge should not have nonsuited the plaintiff. We think the onus was not changed by the proof. It did not show how many stoves were brought to Potsdam, by the three teamsters of the defendant, nor the number carried without the prescribed limits and sold. Nor does it, that we see, in any way fix a limit to the number which the defendant had sold at Potsdam. The whole is left to conjecture. The ques *648 tian on the amount of damages which the plaintiff may be entitled to recover, should a breach be finally established, is not now before us.
New trial granted.